v. Thomas, 12 Misc. Rep. 432, 33 N. Y. Supp. 613; De Zavala v. Royaliner, 84 N. Y. Supp. 969; Smith v. McGovern, 65 N. Y. 574, 575; Whewell v. McLernon, etc., 120 N. Y. Supp. 72.

From the evidence it appears that the contract was closed on terms different from those suggested by plaintiff, and that Schimkowitz and Meisner were the brokers who actually brought the parties together and were the procuring cause of the contract. The verdict was contrary to the evidence, and contrary to the law applicable to the case.

Therefore the order denying the motion for a new trial should be reversed, with costs and disbursements, and the motion granted. All concur.

---

### KAULBACH et al. v. KNICKERBOCKER TRUST CO.

(Supreme Court, Appellate Division, First Department. December 15, 1911.)

Railroads (§ 175*)—Failure to Cancel Mortgage and Deliver Bonds— Who May Sue.

> Where a trustee under a railroad mortgage, appointed to issue and certify to the bonds, refused to cancel the mortgage and deliver the bonds intrusted to it, no bonds having been issued and the mortgagor having made other financial arrangements, such refusal, if wrongful, was either a breach of duty or a breach of contract, and for which only the other party to the deed of trust or the beneficiary under the deed can sue, so that a suit for damages from such acts could not be maintained by parties whose rights arose under a contract to reorganize such road with persons describing themselves as the owners of the franchises and property of such railroad; they being strangers to whom the defendant owed no duty.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 175.*]

Appeal from Special Term, New York County.

Action by Andrew W. Kaulbach and another against the Knickerbocker Trust Company. From a judgment on demurrer to complaint, plaintiff appeals. Affirmed, with leave to amend.

See, also, 139 App. Div. 566, 124 N. Y. Supp. 286; 139 App. Div. 932, 124 N. Y. Supp. 1118.

The following is the opinion of Lehman, J., at Special Term, referred to in the opinion of the court:

The complaint alleges that the defendant is a trustee for the purpose of issuing and certifying to the issue of $4,000,000 bonds under a mortgage executed by the Toledo, Marshall & Northern Railroad Company. After the execution of the mortgage, the acceptance by the defendant of the trust thereunder and the deposit with the defendant of the bonds for the purpose of having the same issued and certified, the plaintiffs entered into a contract with two other parties, describing themselves as the owners of the franchises and property of the Toledo, Marshall & Northern Railroad Company, whereby they formed themselves into a syndicate for the purpose of reorganizing, financing, and constructing the railroad of the said company, and the plaintiffs arranged to extend, reorganize, finance, and construct said railroad and to increase its bond issue from $4,000,000 to $4,840,000 due notice of which change and reorganization was given to the defendant. The Toledo, Marshall & Northern Railroad Company duly passed a resolution directing its directors to take all necessary steps to have the trust deed to the Knickerbocker Trust Company canceled and declared void, and the directors passed a resolution

directing the Knickerbocker Trust Company to cancel and declare void the trust deed and mortgage, and to satisfy the said mortgage and to deliver the deed and bonds deposited with it, and the president of the company was directed to serve a copy of the resolution upon the defendant, and the plaintiffs, who were then the owners of the $4,840,000 bonds, duly notified the defendant that the company wished to cancel the said mortgage or trust deed, and that, if it did not cancel the same and the said $4,000,000 bonds, they would hold the defendant liable for all damages they might suffer. The president of the railroad thereafter sent the defendant a copy of the resolution, but the defendant refused to cancel the said mortgage. The complaint then sets forth the damages accruing to the plaintiffs by reason of the failure of the defendant to cancel the mortgage, as directed by the railroad company. It seems to me quite plain that the complaint sets forth no cause of action against the defendant in favor of these plaintiffs. Conceding, without deciding, that the allegations of the complaint sufficiently set forth that the defendant's refusal to cancel the bonds was wrongful, the refusal constituted either a breach of contract or a breach of its duty as trustee, and only the other party to the deed of trust or the beneficiary under the deed can sue the defendant for this wrong. The plaintiffs, however, are strangers to the deed of trust, and their only claim is by virtue of a contract made with other parties to reorganize the railroad. The defendant owes no duty to them. It assumed no duties except to the railroad company, and possibly to the bondholders, and it is not responsible for its acts to these plaintiffs. It does not even appear that these plaintiffs have any rights against the railroad corporation; but even if they have such rights, and these rights were rendered valueless by the wrongful acts of the defendant, they have not been subrogated to the rights of the corporation against the defendant. They can obtain redress only through an action to which the railroad corporation is a party. Demurrer must, therefore, be sustained, with costs, with leave to the plaintiff to serve an amended complaint within 20 days after notice of entry of interlocutory judgment.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and MILLER, JJ.

H. M. Walker, for appellants.
H. Barry, for respondent.

PER CURIAM. Judgment affirmed, with costs, with leave to plaintiff to amend on payment of costs on opinion of Lehman, J. Order filed.

---

EQUITABLE TRUST CO. OF NEW YORK v. WERE.

(Supreme Court, Appellate Term. December 22, 1911.)

1. BILLS AND NOTES (§ 151*)—"NEGOTIABLE INSTRUMENT"—PREMIUM NOTE.

An instrument in the form of a letter, addressed to the general agent of an insurance company, acknowledging receipt of a life insurance policy, and requesting him "to place the said policy in force from this date, and I promise to pay to you or to your order the first annual premium, amounting to $256.55, as follows: Check inclosed, $125.00. On Dec. 1, 1904, $131.55. Thomas R. Were"—is a "negotiable instrument."

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 380–387; Dec. Dig. § 151.*

For other definitions, see Words and Phrases, vol. 5, pp. 4767–4770; vol. 8, p. 7731.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes